SOY KEE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 21, 1910.)

No. 5,384.

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—"COIN SWORDS"—"COINS."

So-called "coin swords," which consist of copper coins corded together and securely fastened around an iron bar or rod covered by metal foil, and are used for ornamental purposes, are not within the provision for "coins," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 530, 30 Stat. 197, but are dutiable under section 1, Schedule C, par. 193, of the act (U. S. Comp. St. 1901, p. 1682).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 48–59; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 2, pp. 1246, 1247.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The Board of General Appraisers overruled the importers' contention that certain articles imported at the port of New York had been improperly classified as manufactures of metal, under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1615), and should have been classified as "coins," under section 2, Free List, par. 530, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682). The Board's opinion reads in part as follows:

FISCHER, General Appraiser. This protest raises objection to the assessment of duty on certain copper-coin articles, invoiced as "copper-cash swords." * * * We find from the testimony offered and upon examination of the exhibits in the case that these so described swords are made up of a number of copper coins corded together and securely fastened around an iron rod or bar covered by metal foil. The articles are in the form of swords, and are metal novelties imported to serve generally a decorative purpose, as ornaments. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

real basis of the importers' protest is that the ornaments in question are "coins"; but we think it obvious from the description given that this claim is in error. The Board passed on precisely the same kind of goods in G. A. 6,720 (T. D. 28,773), following which we affirm the decision of the collector, assessing duty on the merchandise under the provision for articles not specially provided for, whether partly or wholly manufactured, composed wholly or in part of metal, and we overrule the protest.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William K. Payne, Asst. Atty., of counsel), for the United States.

MARTIN, District Judge. Decision of the Board of General Appraisers affirmed.